**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Kerry Kidd

    v.                                  Case No. 22-cv-562-SM-AJ

Christopher Pelletier, et al.

**Report and Recommendation**

Kerry Kidd is a prisoner at the New Hampshire State Prison ("NHSP") and is proceeding pro se in this civil rights action. His Eighth Amendment claim, arising out of NHSP transport officers' decision to leave a scheduled medical appointment because of a forty-five minute delay, was served on the officers, Christian Pelletier and Brian Dunham. The defendants move to dismiss.[1] See Doc. No. 27. That motion is referred to the undersigned for a Report and Recommendation as to its disposition. LR 72.1. For the reasons herein, the district judge should deny the motion to dismiss.

Standard of Review

In considering a motion to dismiss under Federal Rule of

---

[1] Kidd names "Chrisopher Pelletier" as one of the defendant transport officers. In the acceptance of service and motion to dismiss, however, the defendants use "Christian Pelletier." The court will assume that Christian Pelletier is the officer's correct name. The Clerk's office is directed to amend the court's docket accordingly.

Civil Procedure 12(b)(6), the court takes all properly alleged facts as true and resolves reasonable inferences in favor of the nonmoving party. See Efron v. UBS Fin. Servs. Inc. of P.R., 96 F.4th 430, 437 (1st Cir. 2024). Based on that view, the court decides whether the plaintiff has alleged facts that would allow recovery under any actionable theory. See Parmenter v. Prudential Ins. Co. of Am., 93 F.4th 13, 18 (1st Cir. 2024). "To stave off dismissal, the plaintiff "'need not demonstrate that [he] is likely to prevail, but [his] claim must suggest 'more than a sheer possibility that a defendant has acted unlawfully.'" United States ex rel. Zotos v. Town of Hingham, No. 23-1694, --- F.4th ---, 2024 U.S. App. LEXIS 8439, at *4, 2024 WL 1505678, at *2 (1st Cir. Apr. 8, 2024) (quoting García-Catalán v. United States, 734 F.3d 100, 102-03 (1st Cir. 2013) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Background

In his amended complaint (doc. no. 13), Kidd alleged claims against prison officers and officials which arose from allegations that Kidd's serious back and shoulder pain was not treated properly. Kidd alleged that he needed back surgery, that the defendants caused his surgery to be delayed, and that defendants did not prescribe or provide appropriate treatment and pain medication both before and after surgery. He also

alleged that he was not given proper treatment for his serious mental health issues.

On preliminary review, the court recommended that all of the claims against the defendants be dismissed, with the exception of an Eighth Amendment claim against Dr. Cherie Ertha.[2] Doc. no. 14. After the Magistrate Judge's Report and Recommendation issued, Kidd filed a complaint addendum stating that he had intended to bring Eighth Amendment claims against Officers Pelletier and Dunham. See Doc. no. 17. Pelletier and Dunham move to dismiss the claims against them. See Doc. no. 27.

In the addendum to his amended complaint, Kidd alleges that Pelletier and Dunham transported him to a doctor's appointment for a pre-surgery consult in October or November of 2021. After waiting for 45 minutes, the officers decided to leave, even though Kidd had not yet seen the doctor. Kidd alleges that leaving without seeing the doctor contributed to the delay of his surgery.

## Discussion

In support of their motion to dismiss, the defendants assert that Kidd has not stated an Eighth Amendment claim

---

[2] Service was made on Dr. Ertha. See Doc. no. 23. When Dr. Ertha did not respond, the Clerk entered default against her. See Doc. no. 26.

against them because he has not alleged facts which show they were deliberately indifferent to his serious medical needs. Kidd objects. The defendants filed a reply, and Kidd filed a surreply.

Kidd alleges that the defendants violated the Eighth Amendment by causing him to miss his pre-surgery doctor's appointment, which caused a delay of his surgery for more than three months. "Prison officials violate the Eighth Amendment when they act with deliberate indifference to a prisoner's serious medical needs." Lech v. von Goeler, 92 F.4th 56, 74 (1st Cir. 2024). To state an Eighth Amendment claim, "a prisoner must satisfy both an objective element, which requires proof of a serious medical need, and a subjective element, which requires a showing that a prison official had a sufficiently culpable state of mind such that they were deliberately indifferent to that need." Id. (internal quotation marks omitted). For purposes of the instant motion to dismiss, the defendants accept that Kidd has alleged a serious medical need to see a doctor. They contend, however, that Kidd has not alleged facts to show that they provided him with inadequate care for that serious medical need, or that they were deliberately indifferent to his serious medical need.

"Prison officials are deliberately indifferent when they 'know[ ] of and disregard[ ] an excessive risk to inmate health

4

or safety.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 836-37 511 U.S. 825, 834 (1994)). A prisoner can show deliberate indifference if a prison official "either den[ies] needed medical treatment in order to punish the inmate, or display[s] wanton or criminal recklessness in the treatment afforded." Id. at 75. In the context of delayed medical care, "deliberate indifference is properly alleged when a plaintiff shows that a defendant . . . delayed necessary medical treatment based on a non-medical reason and the personal involvement of the defendant." Zehring v. Sorber, No. CV 20-3195, 2024 U.S. Dist. LEXIS 105471 at *39-*40, 2024 WL 233217, at *14 (E.D. Pa. Jan. 22, 2024) (internal quotation marks omitted) (citing Washington v. Gilmore, 841 F. App'x 466, 469 (3d Cir. 2021)).

In their motion to dismiss, the defendants argue that Kidd has failed to allege facts showing that they were deliberately indifferent to his serious medical needs because they did not cause the wait at the doctor's office or the delay in surgery. Instead, they assert, the doctor was late and did not see Kidd at the time of the scheduled appointment.[3]

---

[3] The Court notes that the defendants, in their motion to dismiss, relied on facts not asserted in Kidd's complaint documents. Absent exceptions not relevant here, in evaluating a motion to dismiss filed under Rule 12(b)(6), "'any consideration of documents not attached to the complaint, or not expressly incorporated therein, is forbidden.'" Ortolano v. City of Nashua, 2023 DNH 072, 677 F. Supp. 3d 41, 45 (D.N.H. 2023) (citation omitted). The Court has not considered any facts

5

Kidd has alleged in this action that the defendants were charged with transporting him to a preoperative appointment with the doctor. When the doctor was 45 minutes late, the defendants decided to leave rather than wait until the doctor was available to see Kidd. Kidd alleges that, as a result, his back surgery was delayed from November of 2021 to March of 2022, during which time he suffered severe pain. Kidd further states that the defendants knew him and knew the severe back pain he was experiencing and his need for surgery.

Kidd has alleged sufficient facts to state a plausible Eighth Amendment claim for relief, alleging that the defendant transport officers denied him adequate medical care, or delayed his receipt of necessary medical care, with deliberate indifferent to his serious medical needs, of which they were aware. Accordingly, the district court should deny the defendants' motion to dismiss.

## Conclusion

For the foregoing reasons, the district judge should deny the defendants' motion to dismiss (doc. no. 27). Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).

---

outside Kidd's complaint in making its recommendation on the motion to dismiss.

6

The fourteen-day period may be extended upon motion.

Only those issues raised in the objection to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Natl Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

April 16, 2024

cc: Kerry Kidd, pro se
    Michael P. DeGrandis, Esq.